IN THE CIRCUIT COURT FOR SULLIVAN COUNTY, TENNESSEE
AT KINGSPORT

| | |
|---|---|
| COLUMBIA INSURANCE GROUP | )<br>) |
| Plaintiff, | )<br>) |
| VS. | ) NO. C43401 (C)<br>) |
| DALIBOR VUCINAC and<br>TOUCH TRANSPORT INC. | )<br>)<br>) |
| Defendants. | ) |

FILED
3/3/21 10:44 am
Bobby L. Russell      DC
CIRCUIT COURT CLERK
SULLIVAN COUNTY, TN.

### COMPLAINT FOR DAMAGES

Comes the plaintiff, Columbia Insurance Group, and would respectfully show unto the Court that:

1. Plaintiff, Columbia Insurance Group, is an insurance carrier, authorized to do business in the state of Tennessee. The plaintiff was the insurer of the Randy Wood Trust on August 9, 2018. The Randy Wood Trust was the owner of storage units located at 217 Sandy Point Drive, Blountville, Sullivan County, Tennessee.

2. Defendant Dalibor Vucinac is believed to be a resident of Schaumburg, Cook County, Illinois.

3. Defendant Touch Transport Inc., at all times hereafter mentioned, was, and still is a corporation, duly organized under the laws of the State of Illinois, with offices in Willowbrook, Dupage County, Illinois.

4. The accident underlying this lawsuit occurred at 217 Sandy Point Drive in Sullivan County, Tennessee.

5. On August 9, 2018, defendant Dalibor Vucinac was driving defendant Touch Transport Inc.'s 2009 Kenworth semi north on Interstate 81 in the right lane. Defendant Dalibor Vucinac left the roadway on the right side, traveled through the grass and

struck plaintiff's insured's storage units located at 217 Sandy Point Drive, Blountville, Sullivan County, Tennessee. Defendant Dalibor Vucinac was on or about the business of defendant Touch Transport Inc. Defendant Touch Transport Inc. negligently entrusted its 2009 Kenworth semi to defendant Dalibor Vucinac.

6. Defendants were negligent in:

a. Unreasonably failing to properly control the movement, momentum, or direction of travel of defendant's vehicle so as to avoid the resulting collision;

b. Unreasonably failing to maintain a safe lookout;

c. Unreasonably failing to use the degree of care and skill required under the existing circumstances to provide for the safety of persons properly upon the roadway;

d. Unreasonably failing to devote full time and attention to the operation of defendant's vehicle;

e. Unreasonably endangering the health, life and property of others properly upon the roadway;

f. Unreasonably colliding with plaintiff's real property;

g. Failing to avoid the accident;

h. Driving the defendant's vehicle at an excessive and reckless rate of speed.

i. Acting in a gross, reckless, outrageous, and negligent manner with a conscious disregard for the safety and well-being of others.

7. Defendants were negligent in violating the following Tennessee statutes.

TENNESSEE STATE STATUTES:

a. T.C.A. § 55-8-123. <u>Driving on Roadways Laned for Traffic</u>.

b. T.C.A. § 55-8-136. <u>Drivers to Exercise Due Care</u>.

c. T.C.A. § 55-8-152. <u>Speed Limits - Penalties</u>.

d. T.C.A. § 55-8-153. <u>Establishment of Speed Zones</u>.

e.   T.C.A. § 55-10-205. <u>Reckless Driving</u>.

    8.   Defendants' negligence proximately caused the accident.

    9.   Plaintiff paid its insured for property damage of $85,466.35. Attached is plaintiff's affidavit.

    10.  The date of loss was August 9, 2018.

    11.  By virtue of its insurance contract with its insured, and by virtue of the payments made under the contract, plaintiff, Columbia Insurance Group, is entitled to be subrogated to the rights of its insured, and is entitled to bring for its own use and benefit any action for damages which its insured have against defendants.

    12.  The sums paid by plaintiff to its insured and on behalf of its insured as a consequence of the August 9, 2018, traffic accident were paid as the direct and proximate result of the negligence of defendants, Dalibor Vucinac and Touch Transport Inc.

    WHEREFORE, PLAINTIFF DEMANDS:

    1.   That all proper process issue, requiring defendants to appear and make defense to this complaint, but the oath to defendants' answer is expressly waived.

    2.   That upon the hearing of this cause plaintiff, Columbia Insurance Group, be awarded a judgment against defendants Dalibor Vucinac and Touch Transport Inc., for $85,466.35, plus interest from the date of loss, August 9, 2018, to date of judgment, and court costs.

3. That plaintiff have such other relief to which it may be justly entitled in this cause.

_____
JOHN R. CHEADLE, JR. (6053)
**MARY BARNARD CHEADLE (27084)**
Attorneys at Law
2404 Crestmoor Road
Nashville, Tennessee  37215
(615) 254-1009 Office
(615) 254-9298 Facsimile
jcheadle@cheadlelaw.com
mcheadle@cheadlelaw.com

I am surety for all costs. _____
JOHN R. CHEADLE, JR. (6053)
**MARY BARNARD CHEADLE (27084)**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. (p.csub2; 21000151)

I HEREBY CERTIFY THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THIS CAUSE
3/3/21 2:04 pm
Bobby L. Russell
CIRCUIT COURT CLERK

# AFFIDAVIT

STATE OF MICHIGAN )
COUNTY OF OAKLAND )

The undersigned, first being duly sworn, makes oath in accordance with Rule 803(6), Tennessee Rules of Evidence, and T.C.A. § 24-5-115, pertaining to the subrogation claim against Dalibor Vucinac and Touch Transport Inc. as follows:

In my capacity with the business, I have knowledge and a business duty to record or transmit information kept in the course of a regularly conducted business activity, and it was the regular practice of the business to make the memorandum, report, or record or data compilation. I am familiar with the books and records of the business and, in particular, I am familiar with the books and records as they pertain to this matter.

The books and records referred to herein are made in the ordinary, customary, usual, and routine course of business and the entries are made at or near the time of the transaction to which they refer.

Any documents attached to this Affidavit are the business records of the plaintiff and were made in the regular course of business at or near the time of the act, condition, or event to which they refer.

The damages to the property owned by Columbia Insurance Group's insured total $85,466.35. Defendant's negligence proximately caused the damages. The plaintiff paid its insured the above sum, less any deductible, and is entitled to recover from the defendant.

Further, the deponent saith not.

COLUMBIA INSURANCE GROUP

By: _____

Title: Authorized Representative

SWORN TO AND SUBSCRIBED before me this 2nd day of Feb ~~January~~, 2021.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: Feb 24 2023
(aff.sub) (21000151)

RUTH BEDFORD
Notary Public, State of Michigan
County of Oakland
My Commission Expires Feb. 24, 2023
Acting in the County of _____